UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MONICA AGRAMONTE, and other similarly
Situated employees non-exempt bartenders,

        Plaintiff(s)

vs.

STARLITE PARTNERSHIP, LTD., a
Florida Limited Partnership, and
SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

        Defendants.

_____/

## NOTICE OF REMOVAL

COME NOW Defendants, STARLITE PARTNERSHIP, LTD., a Florida Limited Partnership, and SCHNAPS MANAGEMENT CORPORATION, and DAVID MUHLRAD, (hereinafter "Defendants"), by and through the undersigned counsel, and hereby file this, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and hereby file this Notice of Removal of the above-captioned matter from the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As grounds therefore, Defendants show the Court as follows:

**1 . State Court Action**

Plaintiff initiated an action that is still pending in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled MONICA AGRAMONTE, and other similarly situated employees non-exempt bartenders v. STARLITE PARTNERSHIP, LTD., a Florida Limited Partnership, and SCHNAPS MANAGEMENT CORPORATION,

and DAVID MUHLRAD, Defendants, and designated Case No. 2016-CA-030638-01. Plaintiff filed that action on or about December 9, 2016. *See* Summons and Complaint at **Tab A.**

## 2. Defendant's Receipt of Complaint

A copy of the Plaintiffs' Complaint in this action was received by Defendants, along with the summons, on or about December 15, 2016. **See Tab A.**

## 3. Nature of Action

Plaintiff is bringing a claim for overtime, attorneys fees and costs under the Fair Labor Standards Act, § 29 U.S.C.A. 201, et. seq. ("FLSA").

## 4. Removal of State Court Action

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Specifically, this action is removable under 28 U.S.C. §1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1331 (federal question).

## 5. Federal Question

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . " Furthermore, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

COLE, SCOTT & KISSANE, P.A.
222 LAKEVIEW AVENUE, SUITE 120 WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Because this Court has original jurisdiction over the FLSA claim, which appears on the face of the Complaint, this action should be removed to the federal court pursuant to 28 U.S.C. § 1441(a). *Ayes v. H & R of Belle Glade, Inc.*, No. 08-21038-CIV, 2008 WL 1840714, *4, (S.D.Fla. 2008). "Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court." *Deel v. Metromedia Restaurant Services, Inc.,* 2006 WL 481667, *2 (N.D.Fla. 2006). Because Plaintiff's Complaint clearly raises a federal question, removal is thus proper.

## 6. Venue

The Miami Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, the Miami Division is the proper division within the Southern District of Florida to which the case should be removed since Plaintiff worked within Miami-Dade County at all relevant times. *See 28* U.S.C. §§ 1441(a), (e) & 1446(a); S.D. Fla. L.R. 3.4(D), Complaint at Para. 4.

COLE, SCOTT & KISSANE, P.A.
222 LAKEVIEW AVENUE, SUITE 120 WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**7. State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this notice, the Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action, including the Complaint. *See* **Tab B.**

**8. Notice to State Court and Plaintiffs**

Simultaneously with filing this Notice of Removal, Defendants shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**9. Timeliness of Notice of Removal**

Pursuant to 28 U .S .C. § 1446(b), this removal is timely because 30 days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Specifically, the summons and Complaint was served on Defendants on or about December 15, 2016, less than thirty days ago. Thus, this removal is timely.

**10. Consent of All Defendants**

All Defendants who have been served in this action consent to and join in this Notice of Removal.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the ⎧0ᵗʰ⎫ day of January 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing

COLE, SCOTT & KISSANE, P.A.
222 LAKEVIEW AVENUE, SUITE 120 WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

generated by CM/ECF or in some other authorized manner for those counsel of parties

who are not authorized to receive electronically Notices of Electronic Filing.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendants
> Esperante Building
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, Florida 33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977

By:  /s/Jana M. Leichter
     JANA M. LEICHTER
     FBN: 803901
     KARLY A. WANNOS
     FBN: 42451

## SERVICE LIST

Jason Remer, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL, 33130
Email: jremer@rgpattorneys.com

COLE, SCOTT & KISSANE, P.A.
222 LAKEVIEW AVENUE, SUITE 120 WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

TAB "A"

Filing # 49452091 E-Filed 11/30/2016 02:55:32 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

       Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

       Defendants.

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, MONICA AGRAMONTE ("Plaintiff"), on behalf of himself and other current and former similarly situated non-exempt bartenders, by and through undersigned counsel, hereby files this Complaint against STARLITE PARTNERSHIP, LTD, a Florida limited partnership and SCHNAPS MANAGEMENT CORPORATION, and DAVID MUHLRAD, Individually (Collectively "Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated non-exempt bartender for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to

recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, STARLITE PARTNERSHIP, LTD., having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, SCHNAPS MANAGEMENT CORPORATION, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, STARLITE PARTNERSHIP, LTD.

6. Defendant, DAVID MUHLRAD, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, STARLITE PARTNERSHIP, LTD.

7. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff MONICA AGRAMONTE was employed by Defendant from approximately March 2015 through September 8, 2016, as a non-exempt bartender.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. During the time period referenced above, Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

13. Plaintiff claims there are other similarly situated current and former employees working, or previously working, for Defendants/Defendant.

14. Plaintiff and other similarly-situated current and former employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

15. Plaintiff and other similarly-situated current and former employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

16. During the relevant time period Plaintiff MONICA AGRAMONTE performed approximately twenty (10) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times her regular rate of pay.

17. During the relevant time period Plaintiff was paid seven dollars ($7.00) for hours worked every week.

18. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

19. Plaintiff is owed approximately $3,276.00 [1.05 (owed wages) (x) 40 (hours worked) (x) 78 weeks in unliquidated wages).

20. Therefore, Plaintiff MONICA AGRAMONTE's overtime rate is $12.07 [$7.00 (hourly rate) + 1.05 (x) 1.5=$12.07]. Plaintiff seeks this rate for each of Plaintiff's approximate ten (10) hours of overtime weekly.

21. As such, Plaintiff is owed approximately $9,414.60 [$12.07 (overtime rate) (x) 10 (hours of overtime) (x) 78 weeks in unliquidated overtime wages).

22. Therefore, from on or about **March 8, 2015 through September 8, 2016**, Plaintiff is owed approximately $9,414.60 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, totaling $18, 829.20.

**COUNT I**
*Wage & Hour Federal Statutory Violation Against*
*STARLITE PARTNERSHIP, LTD*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

24. This action is brought by Plaintiff and other similarly-situated employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

25. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of her employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

27. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

28. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

29. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

30. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

31. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

32. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

33. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiff is requesting punitive damages;

G. Grant Plaintiff a Trial by Jury.

**COUNT II**
*Wage & Hour Federal Statutory Violation Against*
*SCHNAPS MANAGEMENT CORPORATION*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20, of this Complaint as if set out in full herein.

35. At the times mentioned, Defendant **SCHNAPS MANAGEMENT CORPORATION** was, and is now, a corporate officer of corporate Defendant **STARLITE PARTNERSHIP, LTD.**

36. Defendant **SCHNAPS MANAGEMENT CORPORATION** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **SCHNAPS MANAGEMENT CORPORATION** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

37. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

38. Based on this broad definition, Defendant **SCHNAPS MANAGEMENT CORPORATION,** in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir.1986)

39. Defendant **SCHNAPS MANAGEMENT CORPORATION** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant **HENSON:**

A. Adjudge and decree that Defendant **SCHNAPS MANAGEMENT CORPORATION** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **SCHNAPS MANAGEMENT CORPORATION** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury.

### COUNT III
*Wage & Hour Federal Statutory Violation Against*
*DAVID MUHLRAD*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22, of this Complaint as if set out in full herein.

41. At the times mentioned, Defendant **MUHLRAD** was, and is now, a corporate officer of corporate Defendant **STARLITE PARTNERSHIP, LTD.**

42. Defendant **MUHLRAD** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **MUHLRAD** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

43. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[3]

44. Based on this broad definition, Defendant **MUHLRAD**, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[4]

45. Defendant **MUHLRAD** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant **MUHLRAD**:

H. Adjudge and decree that Defendant **MUHLRAD** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I. Adjudge and decree that Defendant **MULRAD** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

J. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

K. Award Plaintiff an equal amount in double damages/liquidated damages; and

---

[3] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[4] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986)

L. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

M.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

N. Grant Plaintiff a Trial by Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   1- 29-16                    Respectfully submitted,

                                    **Jason S. Remer, Esq.**
                                    Florida Bar No.: 0165580
                                    jremer@rgpattorneys.com
                                    Brody M. Shulman, Esq.
                                    Fla. Bar No.: 092044

                                    **REMER & GEORGES-PIERRE, PLLC**
                                    44 West Flagler Street, Suite 2200
                                    Miami, FL 33130
                                    Telephone: (305) 416-5000
                                    Facsimile: (305) 416-5005

AVISO DE CONSENTIMIENTO PARA SER PARTE DEMANDANTE O UNIRSE A LA DEMANDA

Yo, _Mónica A_, por este medio acepto, conforme al Cap. 29 U.S.C. §216(b) de la Ley de normas laborales justas , a ser parte demandante en esta acción en contra de mi empleador, _____, y a ser representado por los abogados de REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Firma: _____     Fecha: _09/10/2016_

Nombre en letra de imprenta: _Mónica Aramonte_

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

       Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

       Defendants.

_____/

**SUMMONS IN A CIVIL CASE**
**TO:** STARLITE PARTNERSHIP, LTD, through its Registered Agent:

David Muhlrad
750 Ocean Drive #105
Miami Beach, FL 33139

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

       JASON S. REMER, ESQ.
       REMER & GEORGES-PIERRE, PLLC.
       44 WEST FLAGLER STREET
       SUITE 2200
       MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

      Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**   SCHNAPS MANAGEMENT CORPORATION
      750 Ocean Drive
      Miami Beach, FL 33139

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                       DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

        Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

        Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**

    DAVID MUHLRAD
    750 Ocean Drive #105
    Miami Beach, FL 33139

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                  DATE

_____
(BY) DEPUTY CLERK

TAB "B"

Filing # 49452091 E-Filed 11/30/2016 02:55:32 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>MONICA AGRAMONTE</u>
Plaintiff
        vs.
<u>STARLITE PARTNERSHIP, LTD, SCHNAPS MANAGEMENT CORPORATION, DAVID MUHLRAD</u>
Defendant

---

**II.     TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐    Business governance
  ☐    Business torts
  ☐    Environmental/Toxic tort
  ☐    Third party indemnification
  ☐    Construction defect
  ☐    Mass tort
  ☐    Negligent security
  ☐    Nursing home negligence
  ☐    Premises liability – commercial
  ☐    Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐    Commercial foreclosure $0 - $50,000
  ☐    Commercial foreclosure $50,001 - $249,999
  ☐    Commercial foreclosure $250,000 or more
  ☐    Homestead residential foreclosure $0 – 50,000
  ☐    Homestead residential foreclosure $50,001 - $249,999
  ☐    Homestead residential foreclosure $250,000 or more
  ☐    Non-homestead residential foreclosure $0 - $50,000
  ☐    Non-homestead residential foreclosure $50,001 - $249,999
  ☐    Non-homestead residential foreclosure $250,00 or more

☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐    Malpractice – business
  ☐    Malpractice – medical
  ☐    Malpractice – other professional
☒ Other
  ☐    Antitrust/Trade Regulation
  ☐    Business Transaction
  ☐    Circuit Civil - Not Applicable
  ☐    Constitutional challenge-statute or ordinance
  ☐    Constitutional challenge-proposed amendment
  ☐    Corporate Trusts
  ☒    Discrimination-employment or other
  ☐    Insurance claims
  ☐    Intellectual property
  ☐    Libel/Slander
  ☐    Shareholder derivative action
  ☐    Securities litigation
  ☐    Trade secrets
  ☐    Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
      ☒   Monetary;
      ☐   Non-monetary
      ☐   Non-monetary declaratory or injunctive relief;
      ☒   Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

      3

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐   Yes
      ☒   No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒   No
      ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒   Yes
      ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Jason S Remer     FL Bar No.:  165580
    Attorney or party                              (Bar number, if attorney)

    Jason S Remer 11/30/2016
    (Type or print name)                             Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

       Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

       Defendants.
_____/

## **COMPLAINT**

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

       COMES NOW, the Plaintiff, MONICA AGRAMONTE ("Plaintiff"), on behalf of himself and other current and former similarly situated non-exempt bartenders, by and through undersigned counsel, hereby files this Complaint against STARLITE PARTNERSHIP, LTD, a Florida limited partnership and SCHNAPS MANAGEMENT CORPORATION, and DAVID MUHLRAD, Individually (Collectively "Defendants") and states as follows:

## **JURISDICTION**

1. This is an action by the Plaintiff and other similarly-situated non-exempt bartender for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to

recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, STARLITE PARTNERSHIP, LTD., having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, SCHNAPS MANAGEMENT CORPORATION, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, STARLITE PARTNERSHIP, LTD.

6. Defendant, DAVID MUHLRAD, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, STARLITE PARTNERSHIP, LTD.

7. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff MONICA AGRAMONTE was employed by Defendant from approximately March 2015 through September 8, 2016, as a non-exempt bartender.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. During the time period referenced above, Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

13. Plaintiff claims there are other similarly situated current and former employees working, or previously working, for Defendants/Defendant.

14. Plaintiff and other similarly-situated current and former employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

15. Plaintiff and other similarly-situated current and former employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

16. During the relevant time period Plaintiff MONICA AGRAMONTE performed approximately twenty (10) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times her regular rate of pay.

17. During the relevant time period Plaintiff was paid seven dollars ($7.00) for hours worked every week.

18. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

19. Plaintiff is owed approximately $3,276.00 [1.05 (owed wages) (x) 40 (hours worked) (x) 78 weeks in unliquidated wages).

20. Therefore, Plaintiff MONICA AGRAMONTE's overtime rate is $12.07 [$7.00 (hourly rate) + 1.05 (x) 1.5=$12.07]. Plaintiff seeks this rate for each of Plaintiff's approximate ten (10) hours of overtime weekly.

21. As such, Plaintiff is owed approximately $9,414.60 [$12.07 (overtime rate) (x) 10 (hours of overtime) (x) 78 weeks in unliquidated overtime wages).

22. Therefore, from on or about **March 8, 2015 through September 8, 2016**, Plaintiff is owed approximately $9,414.60 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, totaling $18, 829.20.

### COUNT I
*Wage & Hour Federal Statutory Violation Against*
*STARLITE PARTNERSHIP, LTD*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

24. This action is brought by Plaintiff and other similarly-situated employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

25. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of her employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

27. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

28. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

29. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

30. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

31. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

32. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

33. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiff is requesting punitive damages;

G. Grant Plaintiff a Trial by Jury.

### COUNT II
*Wage & Hour Federal Statutory Violation Against*
*SCHNAPS MANAGEMENT CORPORATION*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20, of this Complaint as if set out in full herein.

35. At the times mentioned, Defendant **SCHNAPS MANAGEMENT CORPORATION** was, and is now, a corporate officer of corporate Defendant **STARLITE PARTNERSHIP, LTD.**

36. Defendant **SCHNAPS MANAGEMENT CORPORATION** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **SCHNAPS MANAGEMENT CORPORATION** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

37. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

38. Based on this broad definition, Defendant **SCHNAPS MANAGEMENT CORPORATION,** in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986)

39. Defendant **SCHNAPS MANAGEMENT CORPORATION** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant **HENSON**:

A. Adjudge and decree that Defendant **SCHNAPS MANAGEMENT CORPORATION** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **SCHNAPS MANAGEMENT CORPORATION** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury.

**COUNT III**
*Wage & Hour Federal Statutory Violation Against*
*DAVID MUHLRAD*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22, of this Complaint as if set out in full herein.

41. At the times mentioned, Defendant **MUHLRAD** was, and is now, a corporate officer of corporate Defendant **STARLITE PARTNERSHIP, LTD.**

42. Defendant **MUHLRAD** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant **MUHLRAD** acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

43. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[3]

44. Based on this broad definition, Defendant **MUHLRAD,** in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[4]

45. Defendant **MUHLRAD** willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant **MUHLRAD**:

H. Adjudge and decree that Defendant **MUHLRAD** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I. Adjudge and decree that Defendant **MULRAD** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

J. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

K. Award Plaintiff an equal amount in double damages/liquidated damages; and

---

[3] *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011)
[4] *Patel v. Wargo,* 803 F.2d 632, 637-38 (11th Cir.1986)

L. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

M.    Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances; and

N. Grant Plaintiff a Trial by Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____ 11-29-16 _____

Respectfully submitted,

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

<u>AVISO DE CONSENTIMIENTO PARA SER PARTE DEMANDANTE O UNIRSE A LA DEMANDA</u>

Yo, _Mónica A_, por este medio acepto, conforme al Cap. 29 U.S.C. §216(b) de la Ley de normas laborales justas , a ser parte demandante en esta acción en contra de mi empleador, _____, y a ser representado por los abogados de REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Firma: _____          Fecha: _____09/10/2016_____

Nombre en letra de imprenta: _Mónica Aaramonte_

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

       Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

       Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** STARLITE PARTNERSHIP, LTD, through its Registered Agent:

David Muhlrad
750 Ocean Drive #105
Miami Beach, FL 33139

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

       JASON S. REMER, ESQ.
       REMER & GEORGES-PIERRE, PLLC.
       44 WEST FLAGLER STREET
       SUITE 2200
       MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                      DATE

_____
(BY) DEPUTY CLERK

Shut
510

JB

Sheet
510

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2016- 030638-CA 01

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

     Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

     Defendants.

_____/

**SUMMONS IN A CIVIL CASE**
TO: STARLITE PARTNERSHIP, LTD, through its Registered Agent:

David Muhlrad
750 Ocean Drive #105
Miami Beach, FL 33139

12/15/16
@ 12:42 pm
Jeryl Luciani
Clerk/authorized agent
J.B #2148

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     JASON S. REMER, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK _____ DATE

(BY) DEPUTY CLERK _____ DEC 0 9 2016

17500

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

       Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

       Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:**   SCHNAPS MANAGEMENT CORPORATION
      750 Ocean Drive
      Miami Beach, FL 33139

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

           JASON S. REMER, ESQ.
           REMER & GEORGES-PIERRE, PLLC.
           44 WEST FLAGLER STREET
           SUITE 2200
           MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                         DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

      Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**

      DAVID MUHLRAD
      750 Ocean Drive #105
      Miami Beach, FL 33139

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                           DATE

_____
(BY) DEPUTY CLERK

Filing # 50355430 E-Filed 12/21/2016 08:49:11 AM

State of FLORIDA        County of MIAMI DADE        Circuit Court

Case Number: 2016-030638-CA-01

Plaintiff:
**MONICA AGRAMONTE**

vs.

Defendant:
**STARLITE PARTNERSHIP, LTD., ET. AL.**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 12th day of December, 2016 at 9:23 am to be served on **STARLITE PARTNERSHIP, LTD. REGISTERED AGENT: DAVID MUHLRAD, 750 OCEAN DRIVE, #105, MIAMI BEACH, FL 33139.**

I, JUAN BARROSO, do hereby affirm that on the **15th day of December, 2016** at **12:42 pm**, I:

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **JERYL LUCIANI** as **CLERK/AUTHORIZED AGENT** for **STARLITE PARTNERSHIP, LTD. REGISTERED AGENT: DAVID MUHLRAD**, at the address of: **750 OCEAN DRIVE, #105, MIAMI BEACH, FL 33139**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JUAN BARROSO**
CPS # 2148

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016017500

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



Filing # 50355430 E-Filed 12/21/2016 08:49:11 AM

~~RETURN OF SERVICE~~

**State of FLORIDA**            **County of MIAMI DADE**           **Circuit Court**

Case Number: 2016-030638-CA-01

Plaintiff:
**MONICA AGRAMONTE**

vs.

Defendant:
**STARLITE PARTNERSHIP, LTD., ET. AL.**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 12th day of December, 2016 at 9:23 am to be served on **SCHNAPS MANAGEMENT CORPORATION, 750 OCEAN DRIVE, MIAMI BEACH, FL 33139.**

I, JUAN BARROSO, do hereby affirm that on the **15th day of December, 2016 at 12:43 pm, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **JERYL LUCIANI** as **CLERK/AUTHORIZED AGENT** for **SCHNAPS MANAGEMENT CORPORATION**, at the address of: **750 OCEAN DRIVE, #105, MIAMI BEACH, FL 33139,** and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**JUAN BARROSO**
CPS # 2148

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016017498

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



JB

Shart
$10

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2016-030638-CA-01

MONICA AGRAMONTE
and other similarly situated employees
non-exempt bartenders,

    Plaintiff(s),

vs.

STARLITE PARTNERSHIP, LTD.
a Florida limited partnership,
and SCHNAPS MANAGEMENT CORPORATION,
and DAVID MUHLRAD, individually,

    Defendants.

_____/

**SUMMONS IN A CIVIL CASE**

12/15/16
@ 12.43 pm
Jerry Tucan.
Clerk / authorized agent
JB #2148

**TO:** SCHNAPS MANAGEMENT CORPORATION
    750 Ocean Drive
    Miami Beach, FL 33139

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                          DATE

(BY) DEPUTY CLERK           DEC 0 9 2016

17498